MARY SMITH *vs.* HANNIBAL INGALLS.

In an action of dower, the tenant, who holds under a deed from the demandant as executrix of her husband's will, conveying the testator's interest in the premises subject to her right of dower, and who discloses no other title, is estopped to deny the seisin of the husband during the coverture.

THE demandant claimed *dower* in certain real estate in *Mercer*, of which the late husband of the demandant, now deceased, was alleged in her writ to have been seised during the coverture. The plea was, that the husband was not seised during the coverture of such an estate, as would entitle the demandant to dower therein. In support of the action the demandant introduced an agreement for the sale and purchase of the land, signed by the demandant and tenant, dated *August* 4, 1832, in which are found these words : " the reversion of the widow's dower therein, subject to and expressly reserving her, the said *Mary's* right of dower in the premises." Also, a deed from the demandant to the

tenant, dated *August* 6, 1832, as executrix of the will of her late husband, and conveying all the testator's "right, title and interest in the premises, if any," "reserving and excepting her right of dower in said real estate." The demandant also gave in evidence the copy of a license from the Judge of Probate, to sell said estate. It was admitted that the demandant made a seasonable demand of her dower of the tenant. The tenant proved, that on the 10th of *May*, 1804, the husband conveyed the premises wherein dower is now demanded to one *Curtis*, taking back a mortgage to secure the consideration. It appeared that *Curtis* took possession of the land, being then wild and uncultivated, and while thus in possession, paid to the husband the sum for which the land was mortgaged. Subsequently to this the coverture took place. It was contended by the demandant, that upon this evidence the tenant was estopped to deny the seisin of the husband of an estate whereof the demandant was entitled to be endowed. A verdict was taken for the demandant, subject to the opinion of the Court. If in their opinion the tenant is thus estopped, judgment is to be rendered thereon; otherwise the verdict is to be set aside, and the demandant become nonsuit.

*Tenney,* for the tenant.

One point only is presented. Is the tenant estopped to deny the seisin of the demandant's husband.

The case shows, that the husband of the demandant had not the slightest pretence of title during the coverture. Long before the marriage, the estate had been conveyed, and a mortgage taken back; but the mortgage money had all been paid, and the mortgagee never entered under his mortgage; nor was he in any way in possession. If she had been married before the conveyance to *Curtis*, still she would not have been entitled to dower, because it was then wild and uncultivated land.

The doctrine of estoppel is not to be favoured, but carefully to be restricted. *Leicester* v. *Rehoboth,* 4 *Mass. R.* 180; *Bridgewater* v. *Dartmouth, ibid.* 273; 5 *Dane,* 380.

Shall the demandant by her own act, as executrix, and because the tenant has received her writing and deed, have dower in land, wherein her husband never had the least interest during the coverture?

Nothing passed by that deed to the tenant, because the testator had before sold to *Curtis;* nor did he, or could he, take possession under it. There were no covenants of warranty in the deed giving him any remedy for the incumbrance of dower or for any defect of title. The deed was a mere naked release, and the description of the property was such, that if there had been covenants, they would have been useless, because, nothing but the testator's right, *if any,* was conveyed. By such deed no relations would arise between the parties, by which one is placed in subordination to the other. 4 *Greenl.* 214; 7 *Wheat.* 547. The principle on which estoppels are allowed is to avoid circuity of action ; and where there is no circuity, there is no estoppel. 4 *Dane,* 494; 1 *Church's Dig.* 385. By allowing the estoppel in this case it will promote suits, for the demandant cannot hold against *Curtis'* claim. *Allen* v. *Sayward,* 5 *Greenl.* 227. One in possession has a right to purchase claims to secure his title without subjecting himself to any liabilities, 4 *Greenl.* 219.

In *Allen* v. *Sayward,* 5 *Greenl.* 227, it was held, that one giving a release, with covenants of seisin, might set up an after acquired paramount title in himself. In this case she sells, as executrix, and reserves to the widow. If she had any right to dower, the executrix could not sell it. Anything reserved in a deed must be from what would otherwise have passed by the deed. For that reason it cannot operate as an estoppel. Nothing but his interest would pass, *if any,* by the deed, for nothing more was described, as conveyed. But *dower* is not reserved, but the mere *right to dower,* which in this case was nothing.

*Wells,* for the demandant.

The tenant discloses no title, but under the husband of the demandant, and the case is to be considered, as it would have stood, if the husband had conveyed before his death, instead of his executrix afterwards. If the tenant had shewn a paramount title from another source, perhaps the case might have been different.

The tenant is estopped by the agreement to purchase, in which dower is reserved. It is said, that the words, *if any,* shew doubt of title in the demandant's husband. But when he takes a title under it by which he holds the land, for he shews no other, he

cannot dispute the title of the testator. The reservation in the agreement shows, that the tenant so understood the title. *Johns* v. *Church,* 12 *Pick.* 557 ; *Willard* v. *Nason,* 5 *Mass. R.* 240.

But the tenant is conclusively estopped by the deed. 2 *Greenl.* 226 ; 6 *Greenl.* 243 ; 1 *Fairf.* 383 ; 6 *Johns. R.* 290 ; 10 *Johns. R.* 292 ; 17 *Mass. R.* 162. As it respects estoppel, there is no distinction between deeds of warranty and of quitclaim. The tenant is estopped to deny the seisin of the husband by accepting the deed equally, whether the deed be warranty, or quitclaim. *Hains* v. *Gardner,* 1 *Fairf.* 383 ; *Fairbanks* v. *Williamson,* 7 *Greenl.* 96.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The tenant holds under the title of the husband, in virtue of the deed of his executrix, conveying the same, under license from competent authority. He does not plead nontenure, or disclaim any interest in the land, of which dower is demanded; but he controverts the seisin of him, from whom alone he has any pretence of title. He denies the source and origin of his own claim. We cannot distinguish this case in principle, from that of *Kimball* v. *Kimball,* 2 *Greenl.* 226, or of *Nason* v. *Allen,* 6 *Greenl.* 243, and the authorities cited in those cases, and by which they are sustained. In *Nason* v. *Allen,* the husband was not in fact seised of an estate, which would have entitled his widow to dower; but as the tenant held under the husband, it was decided, that he was estopped to deny his seisin.

Had the tenant been seised of the land, in which dower is de-demanded, by a distinct title, before his purchase from the executrix, the case might have borne some resemblance to that of *Fox et al.* v. *Widgery,* 4 *Greenl.* 214, cited for the tenant. But all the title he has comes from the husband. No other appears, with which he connects himself.

The tenant sought the title, of which he became the purchaser. He was apprized by the deed, under which he holds, that he would take, subject to the widow's dower. And that she should have her dower, was one of the stipulations, to which he expressly assented in the agreement, which preceded the sale, and formed

the basis, upon which it afterwards took place. He has little reason therefore to complain of the application to his case of the rule of law, by which he is estopped to deny the validity of the title, under which he holds.

*Judgment on the verdict.*